UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC L. SMITH ARIZMENDEZ, CDCR #J-03517,<br><br>                                    Plaintiff,<br><br>vs.<br><br>DANIEL McCOURT, Plumbing Supervisor,<br><br>                                    Defendant. | Case No.:  23cv1625-CAB (DDL)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

      On August 31, 2023, Plaintiff Issac L. Smith Arizmendez, a state inmate proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  He alleged that on May 31, 2023, he was transferred to the Richard J. Donovan Detention Facility ("RJD") in San Diego, California, where he stayed in a cell without operating plumbing for "a few weeks or so," named as the sole Defendant the RJD plumbing supervisor, and, along with money damages, sought an injunction preventing RJD from operating an unmanageable and inoperable plumbing system.  (*Id*. at 2-7.)  On November 6, 2023, the Court dismissed this action without prejudice for failure to pay the filing fee or submit a request to proceed in forma pauperis ("IFP").  (ECF No. 4.)  Plaintiff thereafter filed a motion to proceed IFP and notified the Court he was no longer housed at RJD.  (ECF No. 5.)

1

On March 1, 2024, the Court granted Plaintiff leave to proceed IFP and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require the Court to *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. (ECF No. 7.) The Court dismissed the Complaint with leave to amend for failure to state a claim and notified Plaintiff of its pleading deficiencies. (*Id.*) Specifically, Plaintiff failed to state an Eighth Amendment claim for unconstitutional conditions of confinement because he did not allege that the duration and severity of the conditions in his cell were sufficiently grave, and did not name a proper Defendant because he had not alleged personal participation by the RJD plumbing supervisor. (*See id.* at 4-8, citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones."), quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("Conditions must not involve the wanton and unnecessary infliction of pain.") and *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074-75 (9th Cir. 2013) (holding that supervisors may only be held liable if they were "personally involved in the constitutional violation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.").) Plaintiff was instructed that his amended complaint must be complete by itself without reference to his original pleading, and that any Defendant not re-named and any claim not re-alleged in his amended complaint will be considered waived. (*Id.* at 8, citing S.D. Cal. CivLR 15.1 and *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original.").)

On April 5, 2024, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 8.) Plaintiff references and relies on the allegations in his original Complaint in disregard of the Court's instructions, indicates he believes the Warden should be held responsible for the poor plumbing at RJD which he might endure again when he travels there for "legal matters such as board hearings," and states that he is bringing this action on behalf of himself and all those prisoners at RJD who have refused to speak up for themselves about the poor plumbing. (*Id.* at 1-5.)

2

## I. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Allegations in the FAC

As noted in the Court's prior dismissal Order, Plaintiff alleged in his original Complaint that he arrived at RJD on May 31, 2023, was assigned a cell in which the toilet,

sink and plumbing were not working, was told that if the plumbing was still not working the next evening he would be moved to a different cell, was informed the next day that "plant opps," the only entity that could resolve the issue, had been notified and the plumbing would be fixed, but despite complaining everyday "for a few weeks or so" that he was having headaches and trouble breathing due to the stench of feces and urine built up in the toilet, he was only given cleaning products and told the problem was unresolvable due to systemic plumbing problems at RJD and that there were no other available cells. (ECF No. 7 at 4.) Plaintiff now alleges in the FAC that he was "in that cell" for at least 32 days before "they capped the cell and redlined it as condemned." (ECF No. 8 at 5.) He alleges he was transferred from RJD about August 8, 2023, and the poor plumbing continued to exist for the approximately two months he was at RJD. (*Id.*) He states that "the problem [is] not so much an infrastructure problem as it is a lack of/or a neglect to see through plumbing for contractual obligations." (*Id.*)

### C. Discussion

As the Court informed Plaintiff in its prior dismissal Order, the Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement, and a prisoner claiming an Eighth Amendment violation must allege: (1) the deprivation they suffered was "objectively, sufficiently serious;" and (2) a prison official acted with deliberate indifference to a serious risk to their health or safety in allowing that deprivation to take place. *Farmer*, 511 U.S. at 834. "Although the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, 'those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), quoting *Rhodes*, 452 U.S. at 347. "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. In other words, they must not be devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society." *Morgan v. Morgensen*, 465 F.3d

1041, 1045 (9th Cir. 2006) (internal quote marks and citations omitted). Although "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment," the temporary imposition of such conditions does not state a claim absent allegations of a risk of harm. *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995).

Plaintiff was notified that his allegations that he was in a cell without operating plumbing for about a month and was provided gloves and disinfectant to clean the toilet, were insufficiently vague as to the duration of the severity of the lack of sanitation in his cell. *See Johnson*, 217 F.3d at 733 ("[W]e have no doubt that toilets can be unavailable for some period of time without violating the Eighth Amendment."); *see also Fields v. Ruiz*, No. 03cv6364-OWW-DLB-P, 2007 WL 1821469, at *7 (E.D. Cal. June 25, 2007) ("In this Circuit, subjecting an inmate to confinement in a cell with a malfunctioning toilet for 29 days [with feces, urine and contaminated water on the floor where correctional officer refused to call a plumber and waited five days to put in a work order], is sufficient to meet the objective requirement of the Eighth Amendment analysis."), *report and recommendation adopted*, No. 03cv6364-OWW-DLB-P, 2007 WL 2688453 (E.D. Cal. Sept. 10, 2007). Plaintiff has not cured that pleading deficiency in the FAC, as he merely states he was "in that cell" for at least 30 days before he was removed, without any further allegations regarding the conditions in the cell, and that he was at RJD for a little over two months where RJD officials neglected such plumbing problems throughout the prison. (ECF No. 8 at 5.) Plaintiff's reliance on the allegations in the original Complaint is also a failure to abide by the Court's prior instruction that his amended complaint be complete in and of itself.

In addition, Plaintiff has also once again failed to allege any Defendant deliberately disregarded a need to fix his plumbing. He was previously informed that he is required to allege facts which plausibly show each individual Defendant was personally involved in the alleged constitutional violation. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983

there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.")  A prisoner must allege "(1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of the inmates' eighth amendment right to be free from cruel and unusual punishment." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Supervisors may only be held liable if they were "personally involved in the constitutional violation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Lemire*, 726 F.3d at 1074-75.

Plaintiff now states that he believes the Warden should be held responsible for a lack of reliable plumbing at RJD or a neglect of adequate response to plumbing issues.  But Plaintiff does not plausibly allege the Warden or any other RJD official had the ability to fix his toilet but refused to do so, and has not alleged a causal connection to his injury through any Defendant's deliberate indifference to a risk to his health.  *See Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019) ("An official is liable under § 1983 only if 'culpable action, or inaction, is directly attributed to them.'"), quoting *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011).  Because Plaintiff is no longer housed at RJD his claim for injunctive relief is moot absent plausible allegations he will be housed at the same institution under the same circumstances.  *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (a prisoner's claims for injunctive and declaratory relief relating to prison conditions are rendered moot by transfer to another facility); *Prieser v. Newkirk*, 422 U.S. 395, 402-03 (1975).  His allegation he might return to RJD in the future is speculative and does not plausibly allege he will be housed under the same conditions.  Because Plaintiff is proceeding pro se, he is not permitted to represent a class of prisoners at RJD.  *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[he] has no authority to appear as an attorney for others than himself.'"), quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

/ / /

Plaintiff's Eighth Amendment claim for damages and equitable relief is once again dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. To the extent Plaintiff once again seeks to present state law claims, the Court once again declines to exercise supplemental jurisdiction over any supplemental state law claim because it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")

### D.     Leave to Amend

Because Plaintiff is proceeding pro se, the Court will provide one final opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III.   Conclusion and Orders

Based on the forgoing, the Court **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff until **June 4, 2024,** to file a Second Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file a Second Amended Complaint by June 4, 2024, the Court will

enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: April 19, 2024

Hon. Cathy Ann Bencivengo
United States District Judge