UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC L. SMITH ARIZMENDEZ, CDCR #J-03517,<br><br>            Plaintiff,<br><br>vs.<br><br>DANIEL McCOURT, Plumbing Supervisor,<br><br>            Defendant. | Case No.: 23cv1625-CAB (DDL)<br><br>**ORDER DISMISSING ACTION WITHOUT FURTHER LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

On August 31, 2023, Plaintiff Issac L. Smith Arizmendez, a state inmate proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He alleged that on May 31, 2023, he was transferred to the Richard J. Donovan Detention Facility ("RJD") in San Diego, California, where he stayed in a cell without operating plumbing for "a few weeks or so," named as the sole Defendant the RJD plumbing supervisor, and, along with money damages, sought an injunction preventing RJD from operating an unmanageable and inoperable plumbing system. (*Id*. at 2-7.) On November 6, 2023, the Court dismissed this action without prejudice for failure to pay the filing fee or submit a request to proceed in forma pauperis ("IFP"). (ECF No. 4.) Plaintiff thereafter filed a motion to proceed IFP and notified the Court he was no longer housed at RJD. (ECF No. 5.)

On March 1, 2024, the Court granted Plaintiff leave to proceed IFP and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require the Court to *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. (ECF No. 7.) The Court dismissed the Complaint with leave to amend for failure to state a claim and notified Plaintiff of its pleading deficiencies. (*Id.*) Specifically, Plaintiff failed to state an Eighth Amendment claim for unconstitutional conditions of confinement because he did not allege that the duration and severity of the conditions in his cell were sufficiently grave, and did not name a proper Defendant because he had not alleged personal participation by the only named Defendant, the RJD plumbing supervisor. (*See id.* at 4-8, citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones."), quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("Conditions must not involve the wanton and unnecessary infliction of pain.") and *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074-75 (9th Cir. 2013) (holding that supervisors may only be held liable if they were "personally involved in the constitutional violation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.").) Plaintiff was instructed that his amended complaint must be complete by itself without reference to his original pleading, and that any Defendant not re-named and any claim not re-alleged in his amended complaint will be considered waived. (*Id.* at 8, citing S.D. CAL. CIVLR 15.1 and *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original.").)

On April 5, 2024, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 8.) Plaintiff referenced and relied on the allegations in his original Complaint in disregard of the Court's instructions, indicated he believes the Warden should be held responsible for the poor plumbing at RJD which he might endure again when he travels there for "legal matters such as board hearings," and stated that he is bringing this action on behalf of himself and all those prisoners at RJD who have refused to speak up for themselves about the poor plumbing. (*Id.* at 1-5.)

On April 19, 2024, the Court dismissed the FAC pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF No. 9.) The Court found the FAC had not cured the pleading deficiency in the FAC regarding the severity or duration of the conditions in his cell, and that his reliance on the allegations in the original Complaint was a failure to abide by the Court's prior instruction that his amended complaint be complete in and of itself. (*Id*. at 4-5.) The Court also found the SAC had once again failed to allege any Defendant deliberately disregarded a need to fix his plumbing, that because he was no longer housed at RJD his claim for injunctive relief is moot because he did not plausibly allege he would be housed at RJD again, that because he is proceeding pro se, he is not permitted to represent a class of prisoners at RJD. (*Id*. at 5-7.) The Court provided Plaintiff one final opportunity to amend on or before June 4, 2024. (*Id*. at 7.) Plaintiff was warned that if he failed to take advantage of this final opportunity to amend, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. (*Id*. at 7-8, citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."))

On May 7, 2024, Plaintiff filed a "Letter in Response to Court Order" in which he repeats his allegations and requests dismissal of this action, admitting he is unable to cure the pleading defects of his claims as identified by the Court in its prior dismissal orders. (ECF No. 9.) To the extent this document was intended to be a Second Amended Complaint, it, as with the FAC, ignores the Court's instruction to file an amended pleading that is complete in and of itself. Rather, it does not name any Defendants or identify any claims Plaintiff wishes to pursue in this action. In any case, because it does not cure the pleading defects of Plaintiff's claims of which he has twice been notified, and it is now clear Plaintiff is unable to do so and wishes the Court to dismiss this action, this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim

without further leave to amend for the reasons set forth in the Court's April 19, 2024, Order of dismissal.

Based on the forgoing, the Court **DISMISSES** this action without further leave to amend for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")  The Clerk of Court will enter final judgment accordingly.

**IT IS SO ORDERED**.

Dated:  June 6, 2024

Hon. Cathy Ann Bencivengo
United States District Judge